# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

LEGEND SMELTING AND RECYCLING, INC.,

        Plaintiff,

- against -

WHITE METAL RECYCLING, LLC, SCRAP TRANSPORT, LLC, HOUSE OF WINDSOR, INC., AMERICAN ALUMINUM ALLOYS, LLC, CREED F. WHITE a/k/a ZACH FEINSTEIN, JOHN DOE NOS. 1-10, AND ABC CORP. NOS. 1-10,

        Defendants.

Civ. Action No.

**COMPLAINT AND JURY DEMAND**

---

Plaintiff Legend Smelting and Recycling, Inc., by its attorneys Bressler, Amery & Ross, P.C., as and for its Complaint, alleges the following:

## THE PARTIES

1. Plaintiff Legend Smelting and Recycling, Inc. ("Legend Smelting" or "Plaintiff") is an Ohio corporation with its principal place of business located at 717 O'Neill Drive, Hebron, Ohio.

2. Legend Smelting is in the business of selling, purchasing and/or trading scrap metal and other material.

3. Upon information and belief, Defendant Creed F. White is also known as Zach Feinstein ("White") and is an individual with a last known address located in Freeland, Maryland 21053.

4. Upon information and belief, Defendant American Aluminum Alloys, LLC ("AAA") holds itself out as a Limited Liability Company with a principal place of business located at 701 N. 36th Street, Camden, New Jersey 08110. White is the sole member of AAA.

5. Upon information and belief, Defendant Scrap Transport, LLC ("Scrap Transport") holds itself out as a Limited Liability Company with a principal place of business located at 150 South Orchard Street, Dallastown (Yoe), Pennsylvania 17313. White is the sole member of Scrap Transport.

6. Upon information and belief, Defendant White Metal Recycling, LLC ("White Metal") holds itself out as a Limited Liability Company with a principal place of business located at 150 South Orchard Street, Dallastown (Yoe), Pennsylvania 17313. White is the sole member of White Metal.

7. Upon information and belief, Defendant House of Windsor, Inc. ("Windsor") holds itself out as a corporation with a principal place of business located at 150 South Orchard Street, Dallastown (Yoe), Pennsylvania 17313. White is the owner of Windsor.

8. Upon information and belief, White, AAA, Scrap Transport, Windsor and White Metal (collectively "Defendants") are in the business of purchasing, supplying, selling and/or brokering the sale of scrap metals and other materials to third parties for sale or trading.

9. John Doe Nos. 1-20 are those persons whose identities are presently unknown to Plaintiff and who were participants in Defendants' fraudulent scheme and/or otherwise aided and abetted the events more particularly set forth in this Complaint.

10. Defendants ABC Corp. Nos. 1-10 are corporations, partnerships, or other business entities whose identities are presently unknown to Plaintiff and which were participants in Defendants' fraudulent scheme and/or otherwise aided and abetted the events more particularly set forth in this Complaint.

## JURISDICTION AND VENUE

11. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.

12. Venue is properly laid in this Judicial District pursuant to 28 U.S.C. § 1391 because Defendants' corporate offices and principal place of business are located in this district and a substantial part of the events giving rise to the claims

occurred including that Defendants transacted their affairs in this district and the materials at issue were shipped within this district.

## FACTS COMMON TO ALL COUNTS

13. Legend Smelting and AAA became parties to a series of agreements under which AAA purchased scrap metal from Legend Smelting.

14. AAA sent Legend Smelting purchase orders and Legend Smelting sent AAA invoices for the scrap metal.

15. By invoice dated May 24, 2017, Inv. No. 3491644, Legend Smelting sold AAA 23,310 lbs. of aluminum cans and 18,352 lbs. of aluminum siding, at a rate of $.72 and $.68 per pound, respectively, for a total price of $29,262.56. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT A.

16. By invoice dated June 1, 2017, Inv. No. 3491646, Legend Smelting sold AAA 25,431 lbs. of aluminum ingot sows, 17,178 lbs. of aluminum ingot, and 12,691 lbs. of sheet aluminum, at a rate of $.78, .67 and .62 per pound, respectively, for a total price of $39,213.86. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT B.

17. By invoice dated June 2, Inv. No. 3491650, Legend Smelting sold AAA 15,557 lbs. of irony copper radiator, 9,900 lbs. of aluminum radiator and

15,324 lbs. of aluminum cans, at a rate of $1.27, $.62, $.72 per pound, respectively, for a total price of $36,928.67. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT C.

18. By invoice dated June 13, 2017, Inv. No. 3491652, Legend Smelting sold AAA 8,515 lbs. of chrome wheels, 10,414 lbs. of aluminum cans and 14,494 lbs. of aluminum radiators, at a rate of $.65, $.72 and $.62 per pound, respectively, for a total price of $22,019.11. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT D.

19. By invoice dated June 13, 2017, Inv. No. 3491995, Legend Smelting sold AAA 24,692 lbs. of aluminum wheels at a rate of $.79 per pound for a total price of $19,506.68. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT E.

20. By invoice dated June 15, 2017, Inv. No. 3491990, Legend Smelting sold AAA 23,585 lbs. of aluminum wheels at a rate of $.79 per pound for a total price of $18,632.15. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT F.

21. By invoice dated June 16, 2017, Inv. No. 3491859, Legend Smelting sold AAA 23,613 lbs. of aluminum wheels at a rate of $.79 per pound for a total

price of $18,654.27. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT G.

22. By invoice dated June 20, 2017, Inv. No. 3491849, Legend Smelting sold AAA 38,091 lbs. of aluminum wheels at a rate of $.78 per pound for a total price of $29,710.98. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT H.

23. By invoice dated June 21, 2017, Inv. No. 3491846, Legend Smelting sold AAA 39,020 lbs. of aluminum wheels, at a rate of $.78 per pound for a total price of $30,435.60. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT I.

24. By invoice dated June 22, 2017, Inv. No. 3491660, Legend Smelting sold AAA 7,336 lbs. of aluminum cast, 12,105 lbs. of aluminum cans, 10,124 lbs. of irony aluminum and 7,667 lbs. of tranny combo, at a rate of $.65, $.72, $.40 and $.23 per pound, respectively, for a total price of $19,297.01. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT J.

25. By invoice dated June 23, 2017, Inv. No. 3491659, Legend Smelting sold AAA 9,375 lbs. of 6063 extension, 7,811 lbs. of aluminum siding, 13,095 lbs. of sheet aluminum and 7,429 lbs. of aluminum clip, at a rate of $.78,

$.68, $.62, $.71 per pound, respectively, for a total price of $26,017.47. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT K.

26. By invoice dated June 23, 2017, Inv. No. 3491850, Legend Smelting sold AAA 22,868 lbs. of aluminum wheels at a rate of $.79 per pound for a total price of $18,065.72. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT L.

27. By invoice dated June 26, 2017, Inv. No. 3491851, Legend Smelting sold AAA 24,659 lbs. of aluminum wheels at a rate of $.79 per pound for a total price of $19,480.61. True and correct copies of the Purchase Order and Invoice are annexed hereto as EXHIBIT M.

28. Pursuant to the invoices, Legend Smelting provided to AAA, and AAA received from Legend Smelting the shipments of scrap metal detailed above.

29. After being provided with the scrap metal, however, AAA failed to remit payment to Legend Smelting.

30. Beginning June 27, 2017, Legend Smelting made multiple demands for payment of the amount due and owing.

31. In response, White, under the alias "Zach Feinstein," admitted and acknowledged to Legend Smelting that payment was due and owing, but no

payment was remitted. True and correct copies of e-mail exchanges between Legend Smelting and White, under the alias "Zach Feinstein," are attached hereto as EXHIBIT N.

32. On about August 8, 2017, Legend Smelting made a final demand for payment of the amount due and owing. No payment has been made. A true and correct copy of the Letter dated August 8, 2017 is attached hereto as EXHIBIT O.

33. As a result of Defendants' non-payment, the total amount due and owing to Legend Smelting is $327,224.69.

## COUNT I

**(Breach of Contract Against AAA)**

34. Legend Smelting realleges and incorporates herein all of the foregoing paragraphs as if set forth in full.

35. Legend Smelting and AAA entered into a series of agreements for AAA's purchase of nonferrous metal scrap metal from Legend Smelting for set prices based upon weight ("Agreements").

36. Legend Smelting has performed and complied in good faith with all reasonable obligations placed upon it under the Agreements.

37. AAA knowingly and willfully breached the Agreements by failing to remit payment to Legend Smelting under the Agreements.

38. AAA is liable to Legend Smelting for all damages resulting from AAA's breaches of the Agreements.

WHEREFORE Legend Smelting demands judgment against AAA as follows:

a) Awarding Legend Smelting all damages resulting from Defendant's breaches, with prejudgment and post judgment interest thereon;

b) Awarding reasonable attorney's fees and cost of suit pursuant to the agreement and/or statute; and

c) Awarding such other, further and additional relief to Legend Smelting as this Court deems just and proper.

## COUNT II

**(Account Stated/Book Account Against AAA)**

39. Legend Smelting realleges and incorporates herein all of the foregoing paragraphs as if set forth in full.

40. Plaintiff presented the account in a statement(s) to AAA, which are attached hereto as Exhibits A though M.

41. AAA, through White, admitted that the account statement was correct, due and owing to Plaintiff.

42. AAA, through White, promised to pay the full balance of the account to Plaintiff.

43. There remains due and owing from AAA to Legend Smelting the sum of $327,224.69 pursuant to the Agreement.

44. Legend Smelting has demanded payment and AAA has refused to make payment.

WHEREFORE, Legend Smelting hereby demands that judgment be entered in favor of it and against AAA as follows:

a) Awarding Legend Smelting judgment in the amount of $327,224.69 together with costs of suit, including but not limited to prejudgment and post judgment interest and reasonable attorney's fees and costs; and,

b) For such other and further relief as the Court deems equitable and just.

## COUNT III

### (Unjust Enrichment Against Defendants)

45. Legend Smelting realleges and incorporates herein all of the foregoing paragraphs as if set forth in full.

46. Legend Smelting has provided scrap metal to Defendants and Defendants had use of the material but failed to pay Legend Smelting.

47. Legend Smelting expected payment at the time and White acknowledged payment was owed to Legend Smelting, and they knew that Legend Smelting expected such remuneration.

48. Without paying Legend Smelting, Defendants have sustained a benefit and have been unjustly enriched at the expense of Legend Smelting.

49. Equity and good conscience require Defendants to repay the excess amounts originally paid by Legend Smelting.

WHEREFORE, Legend Smelting asks for judgment against Defendants as follows:

a) Declaration that Defendants have been unjustly enriched at Legend Smelting's expense by failing to pay for goods provided;

b) Awarding Legend Smelting all damages arising from Defendants' unjust enrichment;

c) Awarding Legend Smelting costs of suit, including but not limited to reasonable attorney's fees;

d) Awarding Legend Smelting pre-judgment and post-judgment interest; and

e) For such other and further relief as the Court deems equitable and just.

## COUNT IV

**(Conversion Against Defendants)**

50. Legend Smelting realleges and incorporates herein all of the foregoing paragraphs as if set forth in full.

51. Plaintiff had rightful title to the scrap metal that Defendants converted.

52. Defendants exercised unauthorized dominion and control over Plaintiff's scrap metal without Plaintiff's consent and without lawful justification.

53. Defendants had no legal or equitable rights to Plaintiff's scrap metal without remitting payment therefore.

54. By virtue of the foregoing, Defendants exercised acts of unauthorized dominion over Plaintiff's scrap metal resulting in denial of Plaintiff's clear, uncontroverted, and unequivocal right to such scrap metal, thereby greatly damaging and injuring Plaintiff.

55. As a direct and proximate result of the aforesaid conduct, Plaintiff suffered damages.

WHEREFORE, Legend Smelting asks for judgment against Defendants as follows:

a) Awarding Legend Smelting all damages arising from Defendants' conversion;

b) Awarding Legend Smelting costs of suit, including but not limited to reasonable attorney's fees;

c) Awarding Legend Smelting pre-judgment and post-judgment interest; and

d) For such other and further relief as the Court deems equitable and just.

## COUNT V

**(Fraudulent Inducement Against All Defendants)**

56. Legend Smelting realleges and incorporates herein all of the foregoing paragraphs as if set forth in full.

57. Between about May 24, 2017 and June 28, 2017, Defendants made material misrepresentations of a presently existing fact to Plaintiff, which were material to the subject transactions.

58. During this time, misrepresentation by Defendants to Legend Smelting included that Plaintiff would receive payment for the scrap metal when Defendants had a preconceived an undisclosed intent to not remit payment to Legend Smelting.

59.    During this time, White misrepresented to Legend Smelting that he was an individual named "Zach Feinstein," owner of AAA, and signed the Agreement as Zach Feinstein purportedly on behalf of AAA.

60.    During this time, White entered into the Agreement on behalf of AAA when White knew that at that time AAA was not an entity registered to do business in any state.

61.    During this time, White entered into the Agreement on behalf of AAA and misrepresented that at that time AAA operated out of a facility located at 701 N. 36th Street, Camden, New Jersey, when it did not.

62.    During this time, White and AAA actually operated as Windsor, White Metal and Scrap Transport out of a facility located at 150 South Orchard Street, Dallastown (Yoe), Pennsylvania 17313 (the "White Facility").

63.    During this time, upon information and belief, the shipments of scrap metal was actually delivered to and received by the White Facility. True and correct copies of documents for the delivery of certain shipments to the White Facility are attached hereto as EXHIBIT P.

64.    According to Pennsylvania state records, Windsor, White Metal and Scrap Transport are not registered to do business in that state.

65. Defendants knew or believed these representations to be false when they were made and intended to mislead Legend Smelting into relying upon them.

66. Legend Smelting believed these representations to be true and reasonably and justifiably relied upon them in entering into the Agreements agreeing to the sale of scrap metal for a purchase price to be paid to Legend Smelting.

67. Legend Smelting suffered damages proximately caused by its reliance upon Defendants' misrepresentations.

WHEREFORE, Legend Smelting demands judgment against Defendants, jointly and severally, for compensatory and punitive damages, plus interest, costs, attorneys' fees, and such other relief as this Court may deem just and appropriate.

## COUNT VI

**(Piercing the Corporate Veil as to White)**

68. Plaintiff repeats and incorporates the allegations set forth in the previous paragraphs as if fully set forth herein.

69. At all relevant times, White owned, managed, directed and/or operated Scrap Transport, White Metal, Windsor and AAA.

70. Upon information and belief, Scrap Transport, White Metal, Windsor and AAA were each and/or are mere instrumentalities or alter-egos of White for the transactions of White's own affairs.

71. Upon information and belief, Scrap Transport, White Metal, Windsor and AAA do not and did not have any genuine or separate corporate existence but have been used and exist for the purpose of permitting White to transact his business under corporate guises.

72. Upon information and belief, White caused Scrap Transport, White Metal, Windsor and AAA to convey assets in the possession of Scrap Transport, White Metal, Windsor and AAA to White.

73. The aforementioned conveyance(s) were made without valuable consideration.

74. The aforementioned conveyance(s) were made with the intent to defraud Plaintiff.

75. White has abused the corporate form in an improper attempt to avoid liability to Plaintiff.

76. As a result, Plaintiff is entitled to pierce the corporate veil.

77. Recognition of separate identities would promote injustice and protect fraud.

78. White should be deemed responsible for all Scrap Transport, White Metal, Windsor and AAA's obligations and liabilities to Plaintiff.

79. White's wrongful conduct has directly and proximately caused Plaintiff damages, plus attorneys' fees and cost of suit.

WHEREFORE, Plaintiff requests judgment in its favor against White, Scrap Transport, White Metal, Windsor and AAA as follows:

(a) Declaring that Scrap Transport, White Metal, Windsor and AAA are alter egos of White;

(b) Awarding Plaintiff all damages attributable to White's wrongful conduct;

(c) Awarding Plaintiff costs of suit, including but not limited to reasonable attorney's fees;

(d) Awarding Plaintiff punitive damages;

(e) Awarding Plaintiff prejudgment and post-judgment interest; and

(f) Granting such other and further relief to Plaintiff as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims in this complaint.

                                                      */s/ Benjamin DiLorenzo*
                                        _____
                                        Benjamin DiLorenzo  (PA89758)
                                        BRESSLER, AMERY & ROSS, P.C.
                                        325 Columbia Turnpike
                                        Florham Park, New Jersey 07932
                                        Phone:  (973) 514-1200
                                        Fax:  (973) 514-1660
                                        Email:  *bdilorenzo@bressler.com*
                                        Attorneys for Plaintiff

DATED:  August 30, 2017
3977427